COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-287-CR

 

 

KENNETH WAYNE JOHNSON                                                 APPELLANT

A/K/A KENNETH W. JOHNSON                                                              

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Kenneth Wayne Johnson a/k/a/ Kenneth W. Johnson of possession of four or more
but less than two hundred grams of a controlled substance (cocaine) with the
intent to deliver, and the trial court sentenced him to thirty years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In two points,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction.  Because we hold
that the evidence is sufficient, we affirm the trial court=s judgment.

Sergeant Clay Hayes of the
Fort Worth Police Department testified that at around 11:20 p.m. on December
30, 2003, he spotted Appellant, Nolan Sperling, and a black female standing
outside the Caville Place Apartments in Fort Worth, Texas, from his vantage
point in the squad car that he shared with his partner, driver Sergeant Matthew
Weber.  Sergeant Hayes testified that he
saw what appeared to be a drug transaction take place between Appellant and the
female.  The female moved in such a way
that he thought that she began smoking something, although he could see neither
a flame nor smoke from his location in the police car, five or six car lengths
away from her.








After Sergeant Hayes got out
of the car, the female walked quickly away from Appellant and Sperling.  Sergeant Hayes then saw Appellant drop what
appeared to be a paper towel on the ground. 
When Sergeant Hayes retrieved the item, he saw that it contained several
bags of a rock-like substance later determined to be more than nine grams of
cocaine.  Sergeant Hayes arrested
Appellant and identified him at trial as the person who had dropped the drugs.  Sergeant Hayes also testified that no one
else was near Appellant and Sperling after the girl left, nor did anyone else
come near them.  No money or drugs were
found on Appellant=s person.

Both officers testified that
the location of the stop and arrest was a high crime area known for drug
activities.  They also both testified
that the amount and packaging of the drugs indicated that they were not for
personal use but were Adealer
quantity.@

Defense witness Nolan
Sperling testified that Appellant did not drop the drugs because he was holding
a plate of food and a drink, that several people were in the group, and that an
unidentified man dropped the drugs as he ran by the group.  The defense also focused on discrepancies in
the police report regarding the street address of the stop, the direction in
which the police car was traveling before the stop, and which person Sergeant
Hayes saw drop the drugs.  The officers
explained that the discrepancies in the report were just mistakes.








A jury is responsible for
resolving the conflicts in the evidence.[2]  Further, a jury may believe some, all, or
none of a witness=s testimony.[3]  Consequently, based on the applicable
standards of review,[4]
we hold that the evidence is legally and factually sufficient to support
Appellant=s
conviction.  We therefore overrule
Appellant=s two points
and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT,
HOLMAN, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 24, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 944 (2001).





[3]Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991).





[4]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000) (all providing legal
sufficiency standard of review); see Zuniga v. State, 144 S.W.3d 477,
481-82, 484-87 (Tex. Crim. App. 2004); Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997) (all providing factual sufficiency standard of review); see also
Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005)
(providing Aaffirmative links@ rule).